IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN J. CHANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-373-L |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff John Chaney seeks judicial review of a denial of benefits by the Social Security Administration ("SSA").  The Court should reverse and remand for an award of supplemental security income beginning on June 7, 2005, based on a failure to consider the Plaintiff's "borderline" age classification.[1]

## I.    BACKGROUND

Mr. Chaney applied for supplemental security income based on an alleged disability. Administrative Record at pp. 59-61 (certified July 12, 2006) ("Rec.").  The SSA denied the application initially and on reconsideration.  *Id*. at pp. 22-23.  A hearing took place,[2] and the

---

[1]    The Court has referred the action to the undersigned for findings and recommendations on dispositive matters.  Order Referring Matter to United States Magistrate Judge (Apr. 7, 2006).

[2]    *See* Rec. at pp. 180-98.

administrative law judge found that the Plaintiff was not disabled.[3]   The Appeals Council

declined jurisdiction,[4] and the present action followed.

## II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial

evidence and the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th

Cir. 2005).  If the SSA's decision lacks substantial evidence or is based on an incorrect legal

standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984);

*see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative

law judge] failed to apply the correct legal test, there is a ground for reversal apart from a

lack of substantial evidence").

## III.   FAILURE TO CONSIDER THE PLAINTIFF'S "BORDERLINE" AGE CLASSIFICATION

The administrative law judge determined that Mr. Chaney:

- was "'closely approaching advanced age,'"

- could perform only a significant range of light work,

- could not perform his past relevant work, and

- had "no transferable skills."

---

[3]      Rec. at pp. 14-21.

[4]      Rec. at pp. 5-8.

2

Rec. at pp. 19, 21.  However, according to the administrative law judge, the Plaintiff could perform many other significant jobs existing in the national economy.  *Id.* at pp. 20-21. Thus, the judge concluded that Mr. Chaney was not disabled.  *Id.* at pp. 14, 20-21.

The administrative law judge applied the medical-vocational guidelines as a framework for the decision.  *Id.* at p. 19.  In analyzing this framework, the judge viewed the Plaintiff as a 54-year-old man and classified him as "closely approaching advanced age." *Id.* at pp. 19, 21.  Thus, the administrative law judge did not regard Mr. Chaney as disabled in light of the framework of Rule 202.11 in the grids.  *Id.* at p. 20.

When the administrative law judge issued his opinion, Mr. Chaney was within eleven days of his 55th birthday.[5]  Once the Plaintiff reached age 55, he would have been considered of "advanced age," "significantly affect[ing] [his] ability to adjust to other work."  *See* 20 C.F.R. § 416.963(e) (2003).[6]  Nonetheless, the administrative law judge disregarded the fact that Mr. Chaney was only eleven days away from the 55th birthday at the time of the decision.

---

[5]     Mr. Chaney's date of birth was June 7, 1950.  *See* Rec. at p. 59.  The administrative law judge issued a decision on May 27, 2005.  *Id.* at p. 21.

[6]     The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision.  *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004).

If the judge had applied the grids applicable to a 55-year-old, the result would likely have been different.  Rule 202.02 requires a finding of "disabled"[7] when a claimant:

- has a residual functional capacity ("RFC") limited to light work,

- is of advanced age,

- has a "limited" education, and

- has previous experience in skilled or semi-skilled work and the skills are not transferable.

20 C.F.R. Pt. 404, Subpt. P, App. 2 Rule 202.02 (2003).[8]  In this situation, the administrative law judge would have had to apply Rule 202.02 in light of his other findings regarding Mr. Chaney's restriction to light work, limited education, and lack of transferable skills.  *See* 20

---

[7]    Application of a grid rule is mandatory when it would lead to a finding of disability.  *See* Social Security Administration, RIN 0960-AG29, *Age as a Factor in Evaluating Disability*, 70 Fed. Reg. 67101-01, 2005 WL 2888182, Westlaw op. at 3 (Nov. 4, 2005) ("Our rules in Table No. 2, Part 404, Subpart P, Appendix 2, of the Medical-Vocational Guidelines . . . require a finding of 'disabled' for individuals who are age 55 and over who can still do the full range of 'light' work unless they have transferable skills or recent education that provides for direct entry into skilled work.").

[8]    The Defendant points out that the administrative law judge did not conclusively rely on the grids.  Brief in Support of the Commissioner's Decision at p. 5 (Nov. 21, 2006).  The Defendant is correct, but the administrative law judge erred by this omission.  Under the grids, the judge would have had to find a disability if he had considered the Plaintiff in the 55+ category.  *See* 20 C.F.R. Pt. 404, Subpt. P. App. 2 Rule 200.00(a) (2003) ("Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled.").

C.F.R. § 416.963(a) (2003).[9]  Thus, disregard for Mr. Chaney's borderline age status led to

a failure to apply Rule 202.02 in the grids.[10]

In light of this error, the Court could remand to the SSA for further hearing or direct

an award of benefits to the claimant.  *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir.

1993).  The Plaintiff has requested a remand for an award of benefits,[11] and the Court should

grant the request.

Mr. Chaney is now age 56 and is considered of "advanced age."  *See supra* p. 3.  And

the administrative law judge has already determined that the Plaintiff:

- is limited to a significant range of light work,

- cannot perform his past relevant work, and

- has no transferable skills.

---

[9]     This provision states:  "If [the claimant is] within a few days to a few months of reaching an older age category, and using the older age category would result in a determination . . . that [the claimant is] disabled, [the administrative law judge] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case."  20 C.F.R. § 416.963(b) (2003).

[10]    *See Patterson v. Apfel*, 198 F.3d 258, 1999 WL 1032973, Westlaw op. at 1 (10th Cir. Nov. 15, 1999) (unpublished op.) (reversal was necessary when the administrative law judge simply stated the claimant's age and did not consider whether it fell within the "borderline situation"); *Cox v. Apfel*, 166 F.3d 346, 19998 WL 864118, Westlaw op. at 4 (10th Cir. Dec. 14, 1998) (unpublished op.) ("[B]ecause plaintiff was within six months of the next age category, that is, advanced age, at the time the [administrative law judge] issued his decision, he erred by not addressing whether plaintiff was of borderline age . . . ." (citing 20 C.F.R. § 416.963(a)).

[11]    Plaintiff's Opening Brief at pp. 8, 10 (Sept. 28, 2006) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at p. 5 (Dec. 7, 2006).

*See id.* pp. 2, 4.  Under these circumstances, Mr. Chaney should be considered "disabled."

*See id.* pp. 4-5.  Because there is no need for further fact-finding, the Court should remand

for payment of supplemental security income, rather than reconsideration by the SSA.[12]

IV.     RFC ASSESSMENT: ABILITY TO STAND AND WALK

The recommended award of benefits would begin on June 7, 2005, when Mr. Chaney

turned age 55.  *See id.* note 5 & p. 6.  This ruling would leave undecided Mr. Chaney's

entitlement to benefits between the time of his protective filing date and his 55th birthday.[13]

For this period of time, Mr. Chaney alleges a disability and challenges the administrative law

judge's RFC findings.  According to Mr. Chaney, the judge erred by finding an ability to

stand or walk for six hours during the workday when he had substantial respiratory

difficulties.  Plaintiff's Opening Brief at pp. 10-13.

---

[12]     *See Smith v. Apfel*, 173 F.3d 864, 1999 WL 178698, Westlaw op. at 2 (10th Cir. Apr. 1, 1999) (unpublished op.) (remanding for an award of benefits when the claimant had reached age 59 during the pendency of the litigation, and the Commissioner "ha[d] not articulated any reason why the presumption of disability established by the Medical-Vocational Guidelines" would not be dispositive); *Cox v. Apfel*, 166 F.3d 346, 1998 WL 864118, Westlaw op. at 4 (10th Cir. Dec. 14, 1998) (unpublished op.) (concluding that reversible error existed in the administrative law judge's failure to consider the claimant's "borderline age" and remanding for an award of benefits because the claimant would be considered "disabled" based on the judge's remaining findings).

[13]     Supplemental security income could be available between the protective filing date and June 7, 2005.  *See Romero v. Barnhart*, 135 Fed. Appx. 172, 175-76 (10th Cir. June 14, 2005) (unpublished op.) ("to be entitled to [supplemental security income] benefits, plaintiff must show that she was disabled between . . . the date she filed her application for [SSA] benefits and . . . the date of the [administrative law judge's] decision" (footnotes & citations omitted)).

Substantial evidence existed for the administrative law judge's findings regarding Mr. Chaney's ability to stand and walk.  The judge acknowledged Mr. Chaney's complaints regarding shortness of breath.  But the judge balanced these complaints against evidence that:

- Mr. Chaney had "rarely sought emergency treatment for exacerbation of breathing difficulty,"[14]

- chest x-rays showed no acute disease,[15] and

- he continued to smoke despite recommendations by his doctors to quit.[16]

This rationale is supported by the record.

For example, the record reflects only two hospital visits since the protective filing date.  During the first visit, the examining doctor noted that Mr. Chaney was not in respiratory distress.  Rec. at p. 114.  During the second visit, an emergency room nurse and physician examined the Plaintiff and noted that his "[r]espirations [were] not labored," he was not in "respiratory distress," and his "[b]reath sound[ed] normal."  *Id*. at pp. 155-56.

At the hearing, Mr. Chaney admitted that he continued to smoke about half a pack of cigarettes every day even though he had been instructed to quit.  *Id.* at pp. 190-91.[17]

---

[14]    Rec. at p. 17.

[15]    Rec. at p. 17.

[16]    Rec. at p. 17.

[17]    The Plaintiff argues that the administrative law judge could only consider smoking if:

- quitting would have restored the ability to work, and

- there was no justifiable excuse for his inability to quit smoking.

Plaintiff's Opening Brief at pp. 12-13.  In making the argument, the Plaintiff relies on *Frey v.*

Finally, while acknowledging respiratory problems, an agency doctor found that Mr.

Chaney could stand and/or walk about six hours in an eight-hour workday.  Rec. at p. 144;

*see Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980) (upholding the administrative law

judge's RFC assessment, even though the claimant had asthma and complained of shortness

of breath, because none of the doctors expressed the view that the claimant would have been

unable to perform light or sedentary work).

The administrative law judge acknowledged that the Plaintiff had a history of

bronchial asthma and chronic bronchitis.  Rec. at p. 15.  But the judge had to assess how

these conditions would affect Mr. Chaney's ability to stand and walk.  For this assessment,

the judge drew on the medical evidence and it provided adequate support for the RFC

---

*Bowen*, 816 F.2d 508 (10th Cir. 1987), and *Thompson v. Sullivan*, 987 F.2d 1482 (10th Cir. 1993).
Plaintiff's Opening Brief at pp. 12-13.  These decisions are inapplicable because they had:

> concerned the circumstances under which an [administrative law judge] may deny
> benefits because a claimant has refused to follow prescribed treatment.  The
> [administrative law judge] here did not purport to deny plaintiff benefits on the
> ground he failed to follow prescribed treatment.

*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (citations omitted).  Instead, the administrative
law judge simply noted that while complaining about shortness of breath, Mr. Chaney "appeared to
be uninterested in changing [his] behavior regarding [his] . . . smoking . . . ."  *Brown v. Barnhart*,
47 Fed. Appx. 864, 864 (10th Cir. Sept. 5, 2002) (unpublished op.); *see McGeorge v. Barnhart*, 321
F.3d 766, 769 (8th Cir. 2003) (upholding the administrative law judge's credibility findings based
in part on the claimant's continued smoking despite complaints about shortness of breath and
directions from a doctor to quit).

assessment.[18]  As a result, the Plaintiff has not identified any errors that would affect his entitlement to benefits preceding his 55th birthday.

V.      RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand with directions for the SSA to award supplemental security income to the Plaintiff beginning on June 7, 2005.  The amount of the payments should be left to the SSA on remand.

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C. § 636(b)(1) (2000).  The objections are due January 9, 2007.  *See* W.D. Okla. LCvR 72.1(a).  If a party does not file written objections, he would waive any right to appellate review.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.     STATUS OF THE REFERRAL

The referral is terminated.

---

[18]     The Plaintiff points to a series of pulmonary function test results, which reflected the optimal FEV1 value as 54% of the figure that was predicted.  Plaintiff's Opening Brief at p. 11.  According to the Plaintiff, this test reflected a "moderate" breathing impairment.  *Id*.  The only support given for this interpretation of the pulmonary function test is an undated internet publication by an organization called "HealthAtoZ."  *See id*.  This material:

- was written by an unidentified author, and

- was not part of the administrative record.

Entered this 20th day of December, 2006.

Robert E. Bacharach
United States Magistrate Judge